UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DIAPOLIS SMITH,

        Petitioner,                    Case No. 2:14-cv-124

v.                                          Honorable R. ALLAN EDGAR

DUNCAN MACLAREN,

        Respondent.
_____/

## MEMORANDUM AND ORDER

Petitioner Diapolis Smith, filed this petition for writ of habeas corpus challenging his conviction for prisoner in possession of contraband, Mich. Comp. Laws § 800.281(4). Petitioner was charged with three felony counts. Petitioner pleaded no contest on one felony charge after entering a plea deal with the prosecutor to drop the remaining felonies. Petitioner was sentenced to a term of imprisonment of one year and two months to five years. Petitioner was already serving a term of life imprisonment at the time he smuggled marijuana and heroin into the prison. Petitioner asserts that it was error to sentence him to a maximum of five years because he had agreed with the prosecutor to a maximum sentence of four years if he pleaded no contest.[1] The trial court explained the facts as follows:

> Procedurally, the facts of this case are somewhat unique and unusual. The Defendant, who was a prisoner at the time of the offense, was charged with Delivery and Manufacture of the Controlled Substance heroin, a 20 year felony, Prisoner Possessing Contraband marijuana and heroin, a 5 year felony and Delivery/Manufacture Marijuana, a 4 year felony. The Defendant was initially represented by court

---

[1] Whether Petitioner's maximum sentence is four years or five years is inconsequential because Petitioner is serving life imprisonment on his original sentence.

appointed counsel but the Court then received a stipulation for substitution of counsel. Substituted defense counsel and the prosecutor engaged in plea negotiations. At the time the plea was taken the prosecutor was not present but an assistant prosecutor appeared on his behalf and stated there was some confusion as to whether the prosecutor's offer was to a four or a five year felony. She believed the offer was to a four year felony.

Defense counsel explained that there had been plea negotiations and that he and the prosecutor had been going back and forth. He explained that, "At the last minute there was a significant change by my client and the Prosecutor. That's when Mr. Schafer instructed his staff - possession of heroin, but I'm not gonna say as an officer of the Court that was 100 percent of his intent, and he's not available to weigh in on that.  So I am agreeing on the record that there was perhaps an error of confusion there, and if it was truly his intent, I'd certainly trust him and I would accept that, and we would agree to amendment of contraband. But I believe it was possession of heroin."

The plea proceeding continued and following the above statement by defense counsel, the District Court judge taking the plea addressed the Defendant and said, "Do you follow all of that?" The Defendant responded, "Yes, sir." The Court went on to caution the Defendant and said, " ... apparently, there's some understanding that if there was a plea bargain, that it was gonna be the possession of heroin as contraband, and that you would be ultimately converting your plea to that. So there's that possibility hanging out there. Do you understand that?" The Defendant responded, "Yes, sir."

Later in the plea proceeding at page 7, when there were some questions about possible restitution the District Court Judge suggested they could come back. In response, Defense counsel started to say that he wanted his client and the Court to feel comfortable but it appears that the Defendant was non-verbally communicating with him because mid-sentence defense counsel said, " -well, now my client - may I ask the Court to proceed today with the plea." He then went on to explain that his client had been in segregation and his client "had a strong desire to get this case resolved." He assured the Court that he and the prosecutor would resolve "these" as they went forward.

Later, at the time of sentencing, defense counsel explained that he had had in fact followed up with the prosecutor and that the offer had been to a five year felony, possession of heroin as contraband. He showed the sentencing Court the written plea offer that had been given to him at the time of the waiver which was to the five year possession of

>contraband charge. There was further discussion with this Court that the matter had then been addressed with counsel and the defendant and would not be a reserved issue.

PageID.161-163.

>Petitioner asserts:
>
>I.  Petitioner was denied his right to effective assistance of counsel when his trial counsel failed to advise Petitioner was pleading that he was pleading no contest to a five year felony and not a four year felony.
>
>II.  Petitioner's due process rights were violated when the trial court refused to allow him to withdraw his plea.
>
>III.  There existed an insufficient factual basis to support the no contest plea.
>
>IV.  Petitioner was denied effective assistance of counsel because he never would have pleaded no contest if he had known that the Notice of Seizure and Intention to Forfeit items would not be rendered null and void.
>
>V.  Petitioner was denied effective assistance of counsel when counsel failed to investigate or to present a substantial defense against the criminal charges.

In April of 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective.  Because this petition was filed after the effective date of the AEDPA, this Court must follow the standard of review established in that statute.  Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication:  "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

3

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Recently, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 412. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

Petitioner asserts that his counsel was ineffective for failing to make it clear that Petitioner was pleading no contest to the five year felony instead of the four year felony. Petitioner further argues that his counsel failed to inform him that he would not get back all the items in his Notice of Seizure and Intention to Forfeit form if he pleaded no contest, and that counsel failed to investigate and put forward a substantial defense to the charges asserted against Petitioner.

In order to prevail on a claim of ineffective assistance of counsel, petitioner must show that counsel's errors were so serious that he was not functioning as counsel guaranteed by the Sixth Amendment, and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Wong v. Money*, 142 F.3d 313, 319 (6th Cir. 1998); *Bruner v. Perini*, 875 F.2d 531, 535 (6th Cir.), *cert. denied*, 493 U.S. 938, 110 S. Ct. 334 (1989) (citing *Strickland v. Washington*, 466 U.S. 668, 688-96, 104 S. Ct. 2052, 2065, 69, 80 L. Ed. 2d 647 (1984)).

There has been ineffective assistance of counsel where an attorney's performance is so deficient as to prejudice the defense and render the trial unfair and the result unreliable. *Wong*, 142

F.3d at 319; *Austin v. Bell*, 126 F.3d 843, 847 (6th Cir. 1997), *cert. denied*, 118 S. Ct. 1547 (1998). Even if a court determines that counsel's performance was outside the wide range of professionally competent assistance, the petitioner is not entitled to relief if his counsel's error had no effect on the judgment. *Tucker v. Prelesnik*, 181 F.3d 747, 754 (6th Cir. 1999). Rather, a petitioner must show that the probability that the outcome of the case would have been different but for counsel's unprofessional errors is sufficient to undermine confidence in the result. *Wong*, 142 F.3d at 319; *Austin*, 126 F.2d at 848. "The performance and prejudice components of the *Strickland* test are mixed questions of law and fact." *Austin*, 126 F.2d at 848.

The court's review of defense counsel's performance is highly deferential, and defense counsel is presumed to have rendered adequate assistance by exercising reasonable professional judgment and sound trial strategy. *Wong*, 142 F.3d at 319; *Austin*, 126 F.3d at 848. The petitioner must overcome the presumption that, under the circumstances, the challenged actions might be considered sound trial strategy. *Strickland*, 466 U.S. at 689; *Tucker v. Prelesnik*, 181 F.3d 747, 754 (6th Cir. 1999).

> The court explained that counsel was not ineffective:
>
> Review of the file indicates that with prior counsel, Defendant received an offer to plead to two counts of possession of contraband, both five year felonies with the assurance that no habitual offender charges would be filed. With the assistance of his substituted defense counsel, a plea was negotiated for a plea to one five year felony, dismissal of the twenty and four year felonies and the assurance that he would not be supplemented as an habitual offender.
>
> Further, as to counsel's performance at the plea, a review of the transcript indicates to this Court that defense counsel considered adjourning the proceedings to address and eliminate the confusion as to the offer. However, as noted above, at what appeared to be the prompting of the Defendant, defense counsel asked that the Court accept the plea explaining that his client was being housed in segregation and had a "strong desire" to resolve the case.

> This Court further finds merit in and adopts the People's argument that a Ginther hearing is not warranted as to the Defendant's claim that his attorney had not informed him of the defense of intoxication or other defenses as the crime of a prisoner possessing contraband is not a specific intent crime.

PageID.165. Petitioner has failed to show that he received ineffective assistance of counsel. Petitioner has failed to establish that the trial court's decision rejecting his ineffective assistance of counsel claims did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.[2]

Petitioner argues that the trial court erred in failing to allow him to withdraw his plea. The constitutional validity of a guilty plea entered in the state courts is to be judged under the due-process standard set forth by the United States Supreme Court in *Boykin v. Alabama*, 395 U.S. 238 (1969). Under *Boykin*, a guilty plea must be knowing and voluntary in order to withstand scrutiny under the Due Process Clause. A criminal defendant enters a guilty plea knowingly when he understands the nature of the charge and the "direct consequences" of his guilty plea. *See Brady v. United States*, 397 U.S. 742, 748 (1970). In general, a defendant is aware of the direct consequences of the plea if he or she is aware of the maximum and minimum (if any) sentence that may be imposed. *See King v. Dutton*, 17 F.3d 151, 153-54 (6th Cir.), *cert. denied*, 504 U.S. 1222 (1994); *Hart v. Marion Corr. Inst.*, 927 F.2d 256, 259 (6th Cir.), *cert. denied*, 502 U.S. 816 (1991).

---

[2]Respondent argues that Petitioner has only partially exhausted his ineffective assistance of counsel claims and that some of his claims were not fully developed in the state courts. Each of Petitioner's claims regarding ineffective of assistance of counsel lack merit.

When a state prisoner brings a federal habeas petition challenging the voluntariness of his plea, the state generally satisfies its burden of showing a voluntary and intelligent plea by producing a transcript of the state-court proceeding. *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993). Where the transcript is adequate to show that the plea was voluntary and intelligent, a presumption of correctness attaches to the state court findings of fact and to the judgment itself. *Id.* A satisfactory state-court transcript, containing findings after a proper plea colloquy, places upon petitioner a "heavy burden" to overturn the state findings. *Id.* at 328; *see Parke v. Raley*, 113 S. Ct. 517, 523 (1992). In the present case, after a thorough interrogation of Petitioner, the state judge found that Petitioner's plea of guilty was entered knowingly and voluntarily. The assistant prosecutor who attended the plea hearing on behalf of the prosecutor indicated that there was some confusion as to whether the plea was to the four year felony or the five year felony. Petitioner indicated that he understood that he was pleading to either a four year or five year felony, and that there was some confusion on the issue, and that the issue would be resolved after the plea hearing.

> Defense Counsel: We were going- - just so I can explain further- -we were going back and forth between [the prosecutor] and myself. At the last minute there was a significant change by my client and the Prosecutor. That's when [the prosecutor] instructed his staff - - possession of heroin [a four year felony], but I'm not gonna say as an officer of the Court that was 100 percent his intent, and he's not available to weigh in on that. So I am agreeing on the record that there was perhaps an error of confusion there, and if it was supported to be the contraband [a five year felony], if that was truly his intent, I'd certainly trust him and I would accept that, and we would agree to amendment of contraband. But I believe it's possession of heroin.
>
> The Court: Are you Diapolis Smith?
>
> The Defendant: Yes sir.
> The Court: Do you understand all that?
>
> The Defendant: Yes, sir.

8

> The Court: Any questions at this point?
>
> The Defendant: No. I just see it said possession of heroin right there.
>
> The Court: Okay and that's what I'd take the plea right now. But apparently, there's some understanding that if there was a pleas bargain, that it was gonna be the possession of heroin as contraband, and that you would ultimately converting your pleas to that. So there's the possibility hanging out there. Do you understand that?
>
> The Defendant: Yes, sir.
>
> The Court: Do want to do this?
>
> The Defendant: yeah, just said to possession of heroin, yeah.
>
> The Court: Okay, but there's this little string attached, and it's making me uncomfortable too, that it could be elevated - -
>
> The Defendant: when - -
>
> The Court: - - to a five year.
>
> The Defendant: All right.

PageID.105-107. Petitioner indicated that he wanted to go forward with the plea. The record establishes that Petitioner entered a knowing voluntary plea.

The trial court rejected Petitioner's claim that his plea was not voluntary. The court stated:

> The Defendant argues he did not understand or enter a knowing, no contest plea given confusion as to the maximum sentence. He also argues that because there was an inadequate factual basis for the no contest plea along with ineffective assistance of defense counsel that he should be allowed to withdraw his plea or have a Ginther hearing.
>
> Given the totality of the circumstances at the plea hearing in this matter, the Court is satisfied that despite the unusual nature of the plea agreement, the possible maximum sentence was adequately stated on the record and was in fact adopted by the Defendant as his agreement such that requirements of MCR 6.302 were met.

> The Defendant at the time of sentencing recalled that the assistant prosecutor had said the maximum possible sentence was four years, which she did, but review of the record also indicates that she had clearly indicated there was confusion as to what the offer was and that it could be to a five year felony. The District Court in taking the plea cautioned the Defendant regarding the five year felony indicating "that there's that possibility hanging out there. Do you understand that? The Defendant responded, "Yes, sir."
>
> Review of the transcript indicates that the District Court Judge told the Defendant he did not want him to feel rushed, to take his time going over the advice of rights and that more time could be allotted if he wanted to discuss the matter with his attorney. When specifically given an opportunity to clear up any confusion as to the charge or restitution, the Defendant clearly indicated he wanted to proceed with the plea because as his attorney explained he was in segregation and he had a strong desire to resolve the case.

PageID.163-164. Petitioner has failed to show that his plea was not knowing or voluntary. Petitioner has failed to establish that the trial court's decision rejecting his claim that he failed to understand his plea did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Similarly the trial court rejected Petitioner's assertion that there was no factual basis stated on the record to support Petitioner's no contest plea. The trial court found no error in using the police reports to support a factual basis. PageID.164. Moreover, Petitioner's claim is not cognizable in this proceeding. A state court is not required under the Constitution to establish a factual basis for a guilty plea. *Roddy v. Black*, 516 F.2d 1380, 1385 (6th Cir. 1975). "A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence. Accordingly, when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the

inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary." *United States v. Broce*, 488 U.S. 563, 569 (1989). Therefore, Petitioner's claim fails.

Accordingly, the Petition is Dismissed.

In addition, if Petitioner should choose to appeal this action, a certificate of appealability is denied as to each issue raised by the Petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of each of Petitioner's claims was debatable or wrong. Therefore, the court will deny Petitioner a certificate of appealability.

A Judgment consistent with this Memorandum and Order will be entered.

SO ORDERED.

Dated:  6/2/2016                               /s/ R. Allan Edgar
                                                               R. ALLAN EDGAR
                                                               UNITED STATES DISTRICT JUDGE